**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LOCAL 221-G, BAKERY, CONFECTIONERY, TOBACCO WORKERS AND GRAIN MILLERS (BCTGM) AFL-CIO, | : : : : | CIVIL ACTION NO. 1:CV-01-2450 |
| Plaintiff, | : : | (Judge Kane) |
| v. | : : | |
| QUAKER MANUFACTURING, LLC, | : : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's renewed motion for summary judgment (Doc. No. 12). The motion has been fully briefed and is ripe for disposition. For the reasons that briefly follow, the motion will be denied.

**I.   Background**

Plaintiff Local 221-G, Bakery, Confectionery, Tobacco Workers and Grain Millers, AFL-CIO is a labor organization that represents employees of Defendant Quaker Manufacturing, LLC. On November 3, 1997, Plaintiff and Defendant entered into a Collective Bargaining Agreement ("CBA") to be in effect from that date until October 29, 2000. Article III of the CBA outlines a grievance procedure. (See Pl. Ex. A, Art. III at 6-10.) Section 3.04 requires a three-step process for the settlement of all grievances. (See Pl. Ex. A § 3.04 (a) - (d) at 7-8.) If this process does not resolve the grievance, the CBA provides that the grievance "may be submitted to an impartial arbitrator for final and binding resolution. The union must submit in writing its desire to arbitrate a grievance withing ten working days of receiving an answer to the third step grievance." (Pl. Ex. A, §3.04(e) at 8.)

Defendant later decided to close its food plant in Shiremanstown, Pennsylvania.  On February 7, 2000, Defendant and Plaintiff, representing Shiremanstown plant employees, entered into a Closure Agreement ("CA").  (Pl. Ex. B.)  Generally, the CA supersedes the CBA.  (See Pl. Ex. B at 1 ("the November 3, 1997 to October 29, 2000 Collective Bargaining Agreement . . . between the Company and Union is superseded by this Closure Agreement.").)  The CA amends the CBA "as shown in Paragraph 28," but the remaining provisions of the CBA are "incorporated by reference" and "are made a part of [the CA]."  (Pl. Ex. B at 1.)[1]  To the extent that any CBA provision conflicts with the terms of the CA, the terms of the CA prevail.  (See Pl. Ex. B at 1.)

The CA provides a severance bonus "payable to Employees who are permanently terminated as a result of the closure of the Shiremanstown plant." (Pl. Ex. B at 10.)  On April 3, 2001, Homer Mullen Jr., President of Local 221, filed a "general grievance for employees and former employees who are on workers' compensation, short term disability and long term disability who did not receive the full severance pay and benefits" pursuant to the CA.  (Pl. Ex. C.)  Plaintiff followed the grievance procedure outlined in the CBA, but the parties did not reach a settlement.  On June 22, 2001, Plaintiff requested that Defendant set the grievance for arbitration.  (See Pl. Ex. D.)  Defendant, however, refused to arbitrate.  As a result Plaintiff filed a civil complaint against Defendant in this Court.  (Doc. No. 1.)

Defendant filed a motion for partial summary judgment alleging that there is no genuine issue of material fact regarding Count I of Plaintiff's complaint.  (Doc. No. 10.)  Count I of

---

[1] Paragraph 28 is entitled "Union Representation."  It does not amend CBA § 3.04 regarding the grievance procedure.

Plaintiff's complaint is an action to compel arbitration of the matter. Plaintiff, however, alleges that Defendant's refusal to arbitrate the grievance violates the CBA and CA and filed a motion for summary judgment arguing that there is no genuine issue of material fact regarding Plaintiff's right to arbitration. (Doc. No. 12.)

In an Order entered September 30, 2003, this Court denied Defendant's partial motion for summary judgment and granted Plaintiff's motion for summary judgment. (Doc. No. 22.) Defendants took a timely appeal of the decision to the United States Court of Appeals for the Third Circuit. In an opinion entered August 23, 2004, the Third Circuit vacated the grant of summary judgment in favor of Plaintiff and remanded the action to this Court for further proceedings. Specifically, the Third Circuit found that "there is an obvious typographical error in a provision of the CA that specifically limits arbitration" in certain circumstances relating to claims of enhanced severance. (Doc. No. 29, at 3.) Although Plaintiff argued that the CA contained a "discrepancy," the Third Circuit panel "believe[d] that the mismatch resulted from a typographical error." (Id., at 7.) Accordingly, the case was remanded to this Court for further proceedings on the interpretation of this particular provision of the CA and whether the CA limits arbitration of disputes concerning payment of severance bonuses.

Following remand, Plaintiff renewed its motion for summary judgment. In support of its renewed motion, Plaintiff argues only that there remains an ambiguity in the CA, and the existence of this alleged ambiguity requires as a matter of law that the dispute between the parties be subject to arbitration pursuant to the CBA. Plaintiff argues that:

> Defendant has produced no persuasive evidence as to what
> the typographical error was supposed to refer. Therefore, it is
> impossible to say positively that this matter is not subject to
> arbitration. Without positive assurance that the matter is not

> subject to arbitration, presumption of arbitrability is the required default, and summary judgment, assuming the existence of a typographical error, should still be granted in Plaintiff's favor.

(Doc. No. 33, at 4-5.) Defendant counters that the Third Circuit's opinion establishes conclusively that the CA contained a typographical error which raises a genuine issue of material fact that necessarily precludes entry of summary judgment on Plaintiff's claims to a right to arbitrate the enhanced severance claims. (Doc. No. 34, at 3.) Furthermore, Defendant asserts that the Third Circuit's remand Order represents the law of the case creating a permanent bar to the Union's claim that summary judgment be granted. (Id.)

**II.     Discussion**

Where a contract contains an arbitration clause, there is a presumption of arbitrability. In this regard, Plaintiff asserts that a request for an order to arbitrate a grievance should not be denied unless it can be said with positive assurance that the arbitration clause is not susceptible to the interpretation that covers the asserted dispute. See Beck v. Reliance Steel Prods. Co., 860 F.2d 576, 579 (3d Cir. 1988). It is true that Beck contained this holding, but it is not a complete representation of the law on the question of arbitrability, nor is it dispositive of the question before the Court as to whether the CA eliminated the prior arbitration clause with respect to enhanced severance disputes.

In Beck, the Third Circuit synthesized the Supreme Court's holding in the so-called Steelworkers Trilogy[2] which was restated by the Supreme Court in AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643 (1986):

---

[2]     United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

> First, as arbitration is a matter of contract, a party cannot be required to arbitrate any dispute which it has not agreed to submit to arbitration. Second, the question of arbitrability, i.e., whether a collective-bargaining agreement creates a duty for the parties to arbitrate a particular grievance, is undeniably an issue for judicial determination unless the parties clearly and unmistakably provide that an arbitrator will decide the issue. Third, a court in deciding whether the parties have agreed to submit a particular grievance to arbitration is not to rule on the potential merits of the underlying claims even if a party's position appears frivolous. Fourth, when a contract contains an arbitration clause, there is a presumption of arbitrability of a grievance so that an order to arbitrate a grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted disputed.

Beck, 860 F.2d at 579 (citations omitted). Thus, as an initial matter, a court may not order a party to arbitrate a grievance where that party has not agreed that such dispute may be arbitrated. Second, it is a matter of law for the court to determine whether a matter must be arbitrated "unless the parties clearly and unmistakably provide that an arbitrator will decide the issue." Id. In this case, there is no dispute that the parties were originally bound by a collective-bargaining agreement that required arbitration; the question is whether the CA specifically negated that requirement with respect to enhanced severance disputes.

The Court finds that the Third Circuit's decision strongly suggests that enhanced severance disputes are not subject to the original arbitration provision contained in the CBA because the such issues appear to have been specifically excluded from arbitration pursuant to the CA. At minimum, the Third Circuit's decision clearly throws into question whether the parties clearly and unmistakably agreed that an arbitrator would decide disputes over severance payments.

As the Third Circuit noted, paragraph 8 of the CA provides that: "The parties agree to discuss in the Labor Management meeting, disputes regarding the application of [specified paragraph] of this Closure Agreement."  (Doc. No. 28, at 4-5.)  These specified paragraphs include:

> 4  (Date of Closure and Schedule of Reduction);
> 11 (Enhanced Severance);
> 14 (Employee Transition Services);
> 18 (Employees Currently on STD and LTD);
> 19 (Employees Currently off Work on Worker's Compensation); and
> 22 (Orderly Operations and Shutdown - Code of Conduct).

(Id., at 5.)  The CA further provides that: "Disputes regarding these paragraphs are not subject to the grievance arbitration procedure or NLRB charges."  (Id.)  The Third Circuit found that the CA contained an "obvious" typographical error regarding the specified paragraphs and disputes that were to be excepted from the arbitration provision, mistakenly referring to "enhanced severance" as being contained in paragraph 11 of the CBA when in fact "enhanced severance" is contained in paragraph 12 of the CBA, which provides:

> An enhanced severance bonus will be payable to Employees who
> are permanently terminated as a result of the closure of the
> Shiremanstown Plant and who meet all of the requirements
> as outlined in this agreement.

(Id.)

In its decision, the Third Circuit expressly rejected the Union's argument that arbitration concerning such severance payments should not be restricted under the CA because Paragraph 12 is not listed as containing subject matter precluding arbitration, instead noting its belief "that

the mismatch resulted from a typographical error . . . ." (Id., at 5-6.)[3] On the basis of this finding, the Court concluded that summary judgment in favor of the Union was improper.

Because the Third Circuit found that the typographical error was obvious, the Court cannot agree with Plaintiff that Defendant nevertheless must be compelled to arbitrate enhanced severance claims on the basis that Defendant has not offered "compelling proof" of the parties' intent to exclude the grievance from the arbitration provision. (Doc. No. 33, at 7.) The Third Circuit's finding of a typographical error in the CA regarding the arbitrability of enhanced severance disputes casts significant doubt on Plaintiff's assertion that the parties are obligated to arbitrate such disputes. Moreover, the Third Circuit specifically remanded this matter with instructions that this Court undertake "further proceedings on the interpretation of this provision of the CA." (Id., at 3.) Accordingly, the Court rejects Plaintiff's argument that the mere existence of a question regarding whether the parties intended to exclude enhanced severance claims from the CBA's arbitration provision somehow mandates as a matter of law that the Court grant summary judgment in the Union's favor and order the parties to arbitrate the grievance. Such a result would obviously run counter to the Third Circuit's finding that the CA contained a typographical error relating to the specific dispute between the parties, and would be inconsistent with the Third Circuit's instructions regarding further proceedings on remand.

For the foregoing reasons, Plaintiff's renewed motion for summary judgment must be denied.

---

[3] As noted, at another point in its decision, the Third Circuit found the existence of such typographical error to be "obvious." (Doc. No. 28, at 3.) Defendant has represented that Plaintiff never argued on appeal that the CA did not, in fact, contain such a typographical error or that there was any other explanation for what the Union argued was a "discrepancy." (Id., at 6.)

**III.    Order**

And now, this 5th day of January 2006, for the reasons set forth above, **IT IS HEREBY ORDERED THAT** Plaintiff's renewed motion for summary judgment (Doc. No. 12) is **DENIED**.  **IT IS FURTHER ORDERED THAT** the Court will convene a telephone conference at 1:30 p.m. on January 23, 2006, to discuss the status of this action.  Plaintiff's counsel shall initiate the call.  The telephone number of the Court is 717-221-3990.

                                                          S/ Yvette Kane
                                                         Yvette Kane
                                                         United States District Judge